**Nehat SELAMI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0298–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2006.

Oleh R. Tustaniwsky, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Edmond E. Chang, T. Markus Funk; Craig A. Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Nehat Selami, a native and citizen of Albania, seeks review of a December 27, 2005 order of the BIA affirming the February 27, 2004 decision of Immigration Judge ("IJ") Alan L. Page denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Nehat Selami,* No. A 78 960 081 (B.I.A. Dec. 27, 2005), *aff'g* No. A 78 960 081 (Immig. Ct. N.Y. City Feb. 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

The IJ's adverse credibility determination was based on substantial and material inconsistencies and omissions in the record. For instance, the record supports the IJ's finding that Selami's testimony was "very general." Selami testified that the police came to his home several times looking for him and his family members. When the IJ probed for details on when these searches occurred and how he learned about them, Selami merely responded, "[t]ime after time." When asked for a specific month or year, Selami stated, "[m]onth after month. They would come one month and they'll come after that month another month." The record also reflects that when the IJ asked Selami when he was beaten and mistreated during 1991, 1992, and 1997, Selami clearly failed to provide specific dates. Because the IJ probed for further details which Selami was unable to provide, the IJ appropriately relied on the generalities of Selami's testimony to support his adverse credibility ruling. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003).

In addition, the IJ accurately observed that Selami initially testified that after he was arrested and beaten by the police during a demonstration regarding the assassination of the Democratic Party leader, he was hospitalized in June 1998, but then stated that he was hospitalized in September 1998. This inconsistency was both material and substantial to his claim, particularly given that it was the focal point of his written asylum application, he continually referred to this incident during his hearing, and he stated twice that the hospitalization occurred in June, before testifying that it occurred in September. *See Secaida–Rosales,* 331 F.3d at 308. Moreover, the IJ accurately observed that Selami indicated in his affidavit that his family's life was in danger from the Communists or Socialists, however, he conceded that some family members still lived in the same village in Albania and they do so without fear. This material discrepancy undermined the credibility of Selami's claim that "[i]t was the goal of the party in power after '97 to persecute [him] [and his] family." *Id.*

Further, the IJ supported his adverse credibility ruling with several claims that he considered implausible. The IJ reasonably found it implausible that Albanian border control officers would permit Selami to depart and return to Albania each time he traveled to Greece if the police "were constantly looking for him." The IJ accurately noted that Selami was never stopped and never had any problems, despite repeated trips between relatively small countries. Likewise, the IJ reasonably found it implausible that Selami hid in the mountains as he testified. The IJ also found it was implausible that the chief of police in Selami's town would issue his father a certificate stating that Selami was "persecuted during the communist regime," despite his explanation that the police were not looking for his father. It was reasonable for the IJ to find that, absent further explanation, these claims were implausible. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir.2006).

The IJ additionally properly relied on an inconsistency between Selami's Democratic Party membership card and letter from the Democratic Party, Diber Branch, to support his adverse credibility ruling. The IJ accurately observed that Selami's mem-

**32**

bership card indicates that he became a member of the Democratic Party in 1994, while the letter indicates that he became a member in 1995, and Selami was unable to explain the discrepancy.

Although we have identified errors in the IJ's adverse credibility determination, remand would be futile in this case because the IJ's determination is also supported by non-erroneous findings and we can confidently predict that those non-erroneous findings would lead the decision maker to reach the same decision were the case remanded. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161–62 (2d Cir.2006). Given that the only evidence of a threat to Selami's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184 (2d Cir.2004); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).